**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 19-4796

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN JAVON WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:16-cr-00248-JFA-1)

Argued:  January 29, 2021                      Decided:  May 13, 2021

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by published opinion.  Judge Floyd wrote the opinion in which Judge Diaz and Judge Harris joined.

**ARGUED:**  Daniel Charles Leonardi, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Katherine Hollingsworth Flynn, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.  **ON BRIEF:**  Peter M. McCoy, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

FLOYD, Circuit Judge:

Bryan Javon Williams pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court ruled that Williams had two prior convictions for controlled substance offenses and accordingly imposed an increased base offense level pursuant to section 2K2.1 of the U.S. Sentencing Guidelines Manual. *See* U.S.S.G. § 2K2.1(a)(2). On appeal, Williams contends that one of his prior convictions is not categorically a controlled substance offense, so the district court improperly applied section 2K2.1(a)(2) when calculating his Guidelines range. Upon review, we conclude that Williams's prior conviction is categorically a controlled substance offense. We therefore affirm the judgment of the district court.

I.

On October 8, 2019, Williams waived indictment and pleaded guilty to a one-count criminal information, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The U.S. Probation Office prepared a presentence investigation report (PSR) in advance of Williams's sentencing hearing. Relevant here, the PSR included two prior convictions involving controlled substances: (1) a February 2003 conviction for possession with intent to distribute crack cocaine in violation of section 44-53-375(B) of the South Carolina Code, and (2) an August 2003 conviction for distribution of marijuana and distribution of crack cocaine in violation of sections 44-53-370 and 44-53-375(B) of the South Carolina Code.

2

Williams's February 2003 conviction—the prior conviction at issue in this appeal[1]—arose from an arrest in Lancaster County, South Carolina. The resulting state-court indictment charged Williams with trafficking in crack cocaine in violation of section 44-53-375(C)(1)(A). According to the state-court sentencing sheet, Williams pleaded guilty to possession with intent to distribute crack cocaine in violation of section 44-53-375(B). Relevant to this appeal, the sentencing sheet also checks a box labeled "[l]esser [i]ncluded [o]ffense." J.A. 135.

The PSR classified Williams's February 2003 and August 2003 convictions as controlled substance offenses pursuant to section 2K2.1 of the Guidelines, triggering an increased base offense level of twenty-four. *See* U.S.S.G. § 2K2.1(a)(2) (establishing a base offense level of twenty-four for a defendant convicted of a § 922(g) offense who previously "sustain[ed] at least two felony convictions of . . . a controlled substance offense"). Williams did not receive any adjustments or enhancements to this base offense level. His total offense level of twenty-four and criminal history category of five yielded an advisory Guidelines range of 92 to 115 months of imprisonment.

At his sentencing hearing, Williams objected to the calculation of his base offense level, arguing that his February 2003 conviction is not categorically a controlled substance offense under the Guidelines. The district court overruled the objection, granted a one-category criminal-history variance and a one-level offense-level variance, and sentenced

<hr/>

[1] Williams concedes that his August 2003 conviction qualifies as a controlled substance offense under the Guidelines.

Williams to seventy months of imprisonment followed by a three-year term of supervised release.

This appeal followed.

## II.

On appeal, Williams challenges the district court's ruling that his February 2003 conviction under section 44-53-375(B) for possession with intent to distribute crack cocaine is a controlled substance offense under the Guidelines. This appeal therefore presents a legal issue regarding the application of the Guidelines, which we review de novo. *See United States v. Dozier*, 848 F.3d 180, 182–83 (4th Cir. 2017).

## III.

## A.

The Guidelines establish a base offense level of twenty-four for a defendant convicted of a § 922(g) offense who previously "sustain[ed] at least two felony convictions of . . . a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). The Guidelines define a controlled substance offense as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b); *see id.* § 2K2.1 cmt. n.1 (incorporating the definition of a controlled substance offense in section 4B1.2(b)).

4

The district court ruled that Williams's February 2003 conviction under section 44-53-375(B) is a controlled substance offense under the Guidelines. Section 44-53-375(B) provides as follows:

> A person who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possess with intent to distribute, dispense, or deliver . . . cocaine base . . . is guilty of a felony . . . .

S.C. Code Ann. § 44-53-375(B). Just below the provisions setting forth the applicable terms of imprisonment for defendants convicted under section 44-53-375(B), the statute includes the following language: "Possession of one or more grams of . . . cocaine base is prima facie evidence of a violation of this subsection." *Id.*

To determine whether a prior conviction qualifies as a controlled substance offense under the Guidelines, we typically apply the "categorical approach." *United States v. Furlow*, 928 F.3d 311, 318 (4th Cir. 2019), *vacated and remanded on other grounds*, 140 S. Ct. 2824 (2020) (mem.). When applying the categorical approach, we "'focus[] on the elements, rather than the facts,' of the prior offense." *United States v. Shell*, 789 F.3d 335, 338 (4th Cir. 2015) (quoting *United States v. Carthorne*, 726 F.3d 503, 511 (4th Cir. 2013)). Accordingly, the categorical approach "address[es] only whether 'the elements of the prior offense . . . correspond in substance to the elements of'" a controlled substance offense under the Guidelines. *Furlow*, 928 F.3d at 318 (second alteration in original) (quoting *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017)).

We apply a slightly different framework when we confront "'divisible' statutes, [or] statutes that 'list elements in the alternative[] and thereby define multiple crimes." *Dozier*,

848 F.3d at 183 (second alteration in original) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). In those circumstances, we use the "modified categorical approach." *See Mathis*, 136 S. Ct. at 2248–49. Under the modified categorical approach, we consider "a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 262 (2013). We then "compare those elements with the definition[] of . . . 'controlled substance offense.'" *Furlow*, 928 F.3d at 319. If the elements align, then the defendant's conviction is categorically a controlled substance offense. *Id.* The documents on which we rely—called "*Shepard* documents," *see Shepard v. United States*, 544 U.S. 13, 16 (2005)—include "the state court indictment, a transcript of the plea colloquy in state court, or a comparable state court record." *Furlow*, 928 F.3d at 318–19.

## B.

With those principles in mind, we turn our attention to Williams's February 2003 conviction under section 44-53-375(B). In *Furlow*, we held that section 44-53-375(B) is a divisible statute subject to the modified categorical approach. *Id.* at 320. Accordingly, we must examine the available *Shepard* documents to determine the elements of Williams's offense of conviction under section 44-53-375(B). *See id.* at 318–19.

Here, the record contains two *Shepard* documents: the indictment and the sentencing sheet. The indictment charged Williams with trafficking in crack cocaine in violation of section 44-53-375(C)(1)(A). But Williams did not plead to trafficking as charged in the indictment. According to the sentencing sheet, Williams pleaded guilty to

6

possession with intent to distribute crack cocaine in violation of section 44-53-375(B). Because Williams pleaded guilty to an offense not charged in the indictment, "the indictment becomes irrelevant for determining the crime of conviction." *United States v. McLeod*, 808 F.3d 972, 976 (4th Cir. 2015). Thus, the sentencing sheet is the only relevant *Shepard* document in the record.

Williams's sentencing sheet indicates that he pleaded guilty to possession with intent to distribute crack cocaine in violation of section 44-53-375(B). Just below the section that lists the offense and statute of conviction, the sentencing sheet contains a box with a checkmark indicating that Williams pleaded guilty to a "[l]esser [i]ncluded [o]ffense" of the offense charged in the indictment. J.A. 135. Williams contends that possession with intent to distribute crack cocaine is not a lesser included offense of trafficking under South Carolina law and thus that the sentencing sheet is ambiguous as to the specific crime under section 44-53-375(B) to which he pleaded guilty.[2] Because section 44-53-375(B) is a divisible statute that includes crimes that are not controlled substance offenses, Williams maintains that his conviction under section 44-53-375(B) cannot be a controlled substance offense.

We disagree. At sentencing, the government had the burden to prove Williams's prior crime of conviction by a preponderance of the evidence. *See United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015). The government met its burden here. The

---

[2] Williams did not advance this ambiguity argument before the district court. Nonetheless, as we explain below, we see no error—plain or otherwise—in the district court's conclusion that Williams pleaded guilty to possession with intent to distribute crack cocaine in violation of section 44-53-375(B).

7

sentencing sheet clearly states that Williams pleaded guilty to possession with intent to distribute crack cocaine in violation of section 44-53-375(B).  A clerical error in the form of an erroneously checked box does not suffice to refute the government's showing that Williams's crime of conviction is the offense plainly spelled out on the sentencing sheet.

To be sure, we have recognized that "clerical errors reflect an uncomfortable reality about the often-hurried system of pleas that makes up our criminal justice system." *United States v. Young*, --- F. App'x ---, 2021 WL 927241, at *3–4 (4th Cir. 2021).  But we have also declined to give such errors "much weight" in assessing a sentencing sheet's reliability as to a defendant's crime of conviction.  *Id.* (considering the effect of clerical errors on a South Carolina sentencing sheet).  We similarly decline to give much weight to the clerical error here.

Accordingly, we conclude that Williams pleaded guilty to possession with intent to distribute crack cocaine in violation of section 44-53-375(B).

## C.

Finally, we consider whether possession with intent to distribute crack cocaine in violation of section 44-53-375(B) is categorically a controlled substance offense.  To sustain a conviction for that offense, the state must prove beyond a reasonable doubt "(1) [t]hat the substance involved was in fact crack cocaine; (2) [t]hat the defendant had possession of that crack cocaine . . . ; and (3) [t]hat the defendant possessed the crack cocaine with intent to distribute."  Ralph King Anderson, Jr., *South Carolina Requests to Charge – Criminal* § 4-12 (2d ed. 2012); *see also State v. James*, 608 S.E.2d 455, 457 (S.C.

2004) ("Possession of any amount of controlled substance coupled with sufficient indicia of intent to distribute will support a conviction for possession with intent to distribute."). Those elements correspond with the definition of a controlled substance offense under the Guidelines. *See* U.S.S.G. § 4B1.2(b) (defining controlled substance offense in part as "possession of a controlled substance . . . with intent to . . . distribute"); *see also United States v. Marshall*, 747 F. App'x 139, 151 (4th Cir. 2018) ("[T]he South Carolina offense of possession with intent to distribute . . . matches the definition of a 'controlled substance offense' under the career offender guideline.").

Notwithstanding this categorical match, Williams contends that possession with intent to distribute crack cocaine under section 44-53-375(B) falls outside the definition of a controlled substance offense under the Guidelines. His argument rests on the following language in the statute: "Possession of one or more grams of . . . cocaine base is prima facie evidence of a violation of this subsection." S.C. Code Ann. § 44-53-375(B). Williams claims that this language permits a South Carolina jury to find "intent to distribute" based on mere possession of crack cocaine, whereas the Guidelines do not treat possession of a controlled substance alone as a controlled substance offense.

We disagree with Williams's reading of the statute. As South Carolina's appellate courts have explained, section 44-53-375(B) "creates a permissive inference that possession of more than one gram of crack cocaine constitutes possession with intent to distribute." *State v. Robinson*, 543 S.E.2d 249, 250 (S.C. Ct. App. 2001). And critically, "[a] permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred

9

based on the predicate facts proved." *Francis v. Franklin*, 471 U.S. 307, 314 (1985). Put differently, the "intent to distribute" element "is not swept away by the existence of a permissive inference." *United States v. Mohamed*, 920 F.3d 94, 104 (1st Cir. 2019) (examining a Maine statute with a permissive inference that possession of a certain quantity of a controlled substance constitutes unlawful trafficking). Rather, in all cases, the state retains the burden to show "sufficient indicia of intent to distribute" beyond a reasonable doubt. *State v. James*, 608 S.E.2d 455, 457 (S.C. Ct. App. 2004).

The South Carolina pattern jury instructions support this reading of section 44-53-375(B). The pattern instructions inform the jury that the statute "creates a permissive inference that possession of one or more grams of crack cocaine constitutes possession with intent to distribute." King, *supra*, § 4-12. But the jury is entirely "free to accept or reject [that inference] depending on [its] view of the evidence." *Id.* Relying on authority from South Carolina's appellate courts, the pattern instructions further explain that the phrase "prima facie evidence" may not be included in a jury charge. *Id.* (citing *State v. Andrews*, 479 S.E.2d 808, 813–14 (S.C. Ct. App. 1996)).

Section 44-53-375(B)'s permissive inference therefore stands apart from a statutory *presumption*, which arises when a "statute by its terms applies to those who do not intend to distribute as long as they possess the requisite quantity." *United States v. Brandon*, 247 F.3d 186, 195 (4th Cir. 2001) (holding that a conviction under a North Carolina statute, which contains a statutory presumption that possession of a certain quantity of a controlled substance constitutes unlawful trafficking, does not require proof of "intent to distribute"). By contrast, a conviction for possession with intent to distribute crack cocaine under

10

section 44-53-375(B) requires "a jury [to] find distributive intent, whether it uses the permissible inference or not." *See Mohamed*, 920 F.3d at 104.

In sum, we conclude that section 44-53-375(B)'s permissive inference does not remove the "intent to distribute" element from Williams's conviction for possession with intent to distribute crack cocaine. We therefore hold that Williams's February 2003 conviction under section 44-53-375(B) is categorically a controlled substance offense under the Guidelines.

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*