**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4536**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYHEEM SCOTT, a/k/a Slim,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:18-cr-00937-RMG-3)

Submitted:  October 20, 2021                    Decided:  November 3, 2021

Before DIAZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant. M. Rhett DeHart, Acting United States Attorney, Christopher B. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyheem Scott appeals his 120-month sentence entered pursuant to his guilty plea to a crack cocaine conspiracy and possession with intent to distribute crack cocaine. On appeal, Scott challenges the district court's determination that he was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1, asserting that his prior South Carolina drug conviction was not a proper predicate offense. We affirm.

We review de novo the district court's determination that Scott's prior conviction qualified as a controlled substance offense under the Sentencing Guidelines. *See United States v. Allen*, 909 F.3d 671, 674 (4th Cir. 2018). Under the Guidelines, a defendant is a career offender if (1) he was 18 years or older at the time of the commission of the instant offense; (2) "the instant offense . . . is a felony that is either a crime of violence or a controlled substance offense;" and (3) he has sustained at least two prior felony convictions for controlled substance offenses or crimes of violence. USSG § 4B1.1(a). The Guidelines define a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession . . . with intent" to distribute such substances. USSG § 4B1.2(b).

Generally, this court "use[s] the categorical approach when assessing whether a state crime constitutes a . . . controlled substance offense under the Guidelines." *United States v. Furlow*, 928 F.3d 311 (4th Cir. 2019), *vacated and remanded on other grounds*, 140 S. Ct. 2824 (2020) (internal quotation marks omitted). Under this method, we examine the elements of the defendant's prior offenses—rather than the facts underlying the

2

conviction or the defendant's actual conduct—to determine whether they correspond with the elements of the generic predicate. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). However, we will employ a modified categorical approach "when a state statute is divisible (i.e., specifies elements in the alternative, thereby defining multiple offenses), and at least one of the crimes defined therein has elements that match the elements of an offense specified in . . . the Guidelines, but another of those crimes does not." *Furlow*, 928 F.3d at 318.

Scott was convicted under S.C. Code Ann. § 44-53-370(a)(1), which states that it is unlawful "to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance." Because the statute can be violated by the mere purchase of a controlled substance, it is broader than the definition of "controlled substance offense" under USSG § 4B1.2(b). As such, Scott asserts that his prior conviction was improperly used as a predicate offense. However, in *Furlow*, we held that S.C. Code Ann. § 44-53-375(B)—which we observed was "almost identical" to § 44-53-370(a)(1) —was divisible and thus subject to the modified categorical approach. *Furlow*, 928 F.3d at 319-22. Despite Scott's attacks on the applicability and soundness of *Furlow,* following the Supreme Court's decision vacating *Furlow*, we held again that "section 44-53-375(B) is a divisible statute subject to the modified categorical approach." *United States v. Williams*, 997 F.3d 519, 523 (4th Cir. 2021).

Accordingly, Scott's sole argument on appeal—that his South Carolina drug conviction was improperly considered as a predicate offense for his career offender

3

designation under the applicable categorical approach—fails.[*]  As such, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Scott has not disputed that, applying the modified categorical approach, his prior conviction was properly considered a controlled substance offense under USSG § 4B1.2.