**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4210**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERROD DUPREE LYMAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Timothy M. Cain, District Judge. (7:20-cr-00113-TMC-1)

Submitted: March 22, 2022                               Decided: April 21, 2022

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Lora C. Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. M. Rhett DeHart, Acting United States Attorney, Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerrod Dupree Lyman, Jr., pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). The district court sentenced him to 180 months' imprisonment. On appeal, Lyman challenges the district court's determination that his three prior South Carolina convictions under S.C. Code Ann. § 44-53-370 qualified as serious drug offenses under the Armed Career Criminal Act ("ACCA") or controlled substance offenses under the Sentencing Guidelines. We affirm.

We review *de novo* the district court's determination that Lyman's prior convictions qualify as serious drug offenses under the ACCA or controlled substance offenses under the Guidelines. *See United States v. Allen*, 909 F.3d 671, 674 (4th Cir. 2018). The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Guidelines define a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession . . . with intent" to distribute such substances. U.S. Sentencing Guidelines Manual § 4B1.2(b).

Lyman contends that S.C. Code Ann. § 44-53-370 is divisible into three crimes, all of which are overbroad because they include purchasing drugs as means. As such, Lyman asserts that his prior convictions are not serious drug offenses or controlled substance

2

offenses. However, our decision in *United States v. Furlow*, 928 F.3d 311 (4th Cir. 2019), *vacated and remanded on other grounds*, 140 S. Ct. 2824 (2020), bars Lyman's argument. There, we held that S.C. Code Ann. § 44-53-375(B)—which we noted was "almost identical" to § 44-53-370(a)(1)—was divisible between each of the alternatives specified in the statute, and thus subject to the modified categorical approach when determining whether a prior conviction under that statute was a controlled substance offense under the Guidelines or a serious drug offense under the ACCA. *Furlow*, 928 F.3d at 320-22; *see United States v. Williams*, 997 F.3d 519, 522-23 (4th Cir. 2021). We therefore conclude that the modified categorical approach set forth in *Furlow* applies to Lyman's prior convictions. Lyman does not dispute that, under *Furlow*'s approach, his South Carolina convictions qualified as serious drug offenses under the ACCA or controlled substance offenses under the Guidelines.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*