**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-2303**

─────────────

PETER GAKUBA,

        Plaintiff - Appellant,

    v.

APRIL, Customer Service, USPS; UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA,

        Defendants - Appellees.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:22-cv-02281-JRR)

─────────────

Submitted:  July 26, 2024                          Decided:  February 20, 2025

─────────────

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Peter Gakuba, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter Gakuba appeals the district court's orders dismissing without prejudice Gakuba's civil complaint and denying his Fed. R. Civ. P. 59(e) motion to reconsider. Limiting our review of the record to the issues raised in Gakuba's informal brief, we have reviewed the record and find no reversible error.[1]  *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").  Accordingly, we affirm the district court's orders.  *Gakuba v. April*, No. 1:22-cv-02281-JRR (D. Md. Aug. 31, 2023; Dec. 20, 2023).  We grant Gakuba's motion to file a supplemental brief but deny his motion to supplement the record on appeal.[2]

We grant Gakuba's motion for continued fee-free PACER access and thus grant him an exemption from PACER fees for electronic access to this court's docket and filings in

---

[1] Our review of the record leads us to conclude that the district court should have liberally construed Gakuba's complaint to raise a procedural due process claim under the Fifth Amendment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that pro se documents must be liberally construed); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Where the context, as here, makes clear a litigant's essential grievance, the complainant's additional invocation of general legal principles need not detour the district court from resolving that which the litigant himself has shown to be his real concern.").  Nonetheless, we discern no reversible error in the dismissal of Gakuba's due process claims. *See Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 722 n.19 (4th Cir. 2024) ("[W]e may affirm on any basis apparent from the record.").

[2] We decline to consider the issues Gakuba raises for the first time in the supplemental brief. *See United States v. Boyd*, 55 F.4th 272, 279-80 (4th Cir. 2022); *see also* 4th Cir. R. 34(b).

this case, No. 23-2303, *Gakuba v. April*.  The Clerk's Office will implement this exemption by separate order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*