**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4207**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ADRIAN MARKEESE GAMBRELL-BOOKER, a/k/a AD,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville. Mary G. Lewis, District Judge. (6:13-cr-00353-MGL-4)

_____

Submitted: April 30, 2025                     Decided: May 15, 2025

_____

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Christopher B. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Markeese Gambrell-Booker appeals the district court's judgment revoking his supervised release and sentencing him to 27 months' imprisonment. On appeal, Gambrell-Booker contends that the district court abused its discretion in finding that his violation for possession of four ounces of marijuana constituted a Grade A violation. We affirm.

The Sentencing Guidelines classify supervised release violations into three categories: Grades A, B, and C. U.S. Sentencing Guidelines Manual § 7B1.1(a), p.s. As relevant here, a Grade A violation involves "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." USSG § 7B1.1(a)(1)(A)(ii), p.s. A "controlled substance offense" includes state or federal crimes prohibiting the possession of a controlled substance with the intent to distribute that are punishable by more than one year in prison. USSG § 4B1.2(b); *see* USSG § 7B1.1, p.s., cmt. n.3 (incorporating § 4B1.2(b)'s definition). The commentary to the Chapter 7 of the Guidelines emphasizes that "[t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." USSG § 7B1.1, p.s., cmt. n.1.

We review a district court's decision to revoke supervised release for abuse of discretion and the factual findings underlying that revocation for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v.*

*Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "[We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Id.* at 437 (internal quotation marks omitted).

A district court imposes a procedurally reasonable revocation sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted). A court complies with substantive reasonableness requirements by "sufficiently stat[ing] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

Gambrell-Booker claims that the sentence imposed by the district court is procedurally unreasonable because the court classified his conduct as a Grade A violation of the terms of his supervised release. Gambrell-Booker argues that his conduct—possessing four ounces of marijuana—should be classified as a Grade C violation because the quantity of possession is the only evidence of a distribution offense, which is a Grade A violation. South Carolina law prohibits possession with intent to distribute and makes the offense punishable by up to five years in prison. S.C. Code Ann. § 44-53-370(a)(1), (b)(2). The statute also provides for a permissive inference of intent to distribute where the defendant possesses more than 28 grams, or one ounce, of marijuana. S.C. Code Ann.

3

§ 44-53-370(d)(5) ("A person who violates subsection (c) [knowingly or intentionally possessing a controlled substance] with respect to . . . possession of more than . . . twenty-eight grams or one ounce of marijuana . . . is prima facie guilty of [a] violation of subsection (a) of this section.").  Because Gambrell-Booker possessed approximately four times the quantity that supports a permissible inference of distribution, his actual conduct constituted a state offense punishable by imprisonment for a term exceeding one year, we conclude that the district court properly classified Gambrell-Booker's conduct as a Grade A violation.[*]

We therefore affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We do not find persuasive Gambrell-Booker's reliance on our decision in *United States v. Williams*, 997 F.3d 519 (4th Cir. 2021), to argue that a permissive inference alone cannot establish possession with intent to distribute.  In *Williams*, we recognized that there must be a "sufficient indicia of intent to distribute," *id.* at 525; however, we held that the finder of fact may accept or reject the inference based on the totality of the evidence and that a permissive inference does not negate the "intent to distribute" element, (*id.*).