**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4296

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAXIMILIANO GABRIEL QUERIAPA, a/k/a Bryce Nicholas Martinez-Esparza, a/k/a Bryce Nicholas Martinez, a/k/a Maximiliano Crecencio Gabriel Queriapa, a/k/a Max Gabriel-Queriapa, a/k/a Max Gabriel Queriapa, a/k/a Maximiliano Gabriel, a/k/a Max Gabriel, a/k/a Maximiliano Crecencio Gabriel-Queriapa, a/k/a Maximiliano C. Gabriel Queriapa, a/k/a Gabriel Q. Crecencio,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:20-cr-00105-MR-WCM-1)

Submitted:  February 6, 2023                    Decided:  February 21, 2023

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Anthony Martinez, Federal Public Defender, Jared P. Martin, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED

STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maximiliano Gabriel Queriapa appeals his 46-month sentence imposed following his guilty plea to illegal reentry after deportation subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). Queriapa challenges the procedural reasonableness of his sentence, arguing that the district court improperly calculated his Sentencing Guidelines range and failed to consider some of his nonfrivolous arguments for a downward-variant sentence. We conclude that the district court's sentencing explanation was inadequate, vacate Queriapa's sentence, and remand for resentencing.[1]

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021). In reviewing for procedural reasonableness, we ensure that the district court "committed no significant procedural error, such as improperly calculating the Guidelines range . . . or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).

"In assessing [a defendant's] challenge to the district court's Guidelines application, we review factual findings for clear error and legal conclusions *de novo*." *United States v. Boyd*, 55 F.4th 272, 276 (4th Cir. 2022) (internal quotation marks omitted). But "[w]hen a criminal defendant presents a sentencing issue that was not properly preserved in the district court, we review the issue for plain error only." *United States v. Aplicano-Oyuela*,

---

[1] The district court also imposed an eight-month revocation sentence. Queriapa does not appeal that judgment.

792 F.3d 416, 422 (4th Cir. 2015).  "To satisfy plain error review, the defendant must establish that:  (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights."  *Id.*  Even then, we will only cure the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

Queriapa first argues, as he did in the district court, that criminal history points should not have been assigned to his 2014 North Carolina conviction for "Driving While Impaired, Aggravated Level 1," ("the 2014 conviction") and his 2019 federal conviction for using false and fictitious documents, in violation of 18 U.S.C. § 1546 ("the 2019 conviction").  This is so, Queriapa contends, because the 2014 and 2019 convictions were also used to enhance his offense level under U.S. Sentencing Guidelines Manual § 2L1.2(b) (2018).  Queriapa acknowledges that the commentary to the illegal-reentry Guideline provides that "[a] conviction taken into account under subsection (b)(1), (b)(2), or (b)(3) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter 4, Part A (Criminal History)."  USSG § 2L1.2 cmt. n.3.  But he argues that the district court should not have deferred to that commentary because the criminal-history and relevant-conduct Guidelines unambiguously provide that such convictions cannot be counted.

We disagree.  Queriapa's inconsistency argument relies on the *commentary* to the criminal-history Guideline.  Accordingly, he fails to show that § 2L1.2 cmt. n.3 is inconsistent with the *text* of the Guideline.  Thus, he has not given us reason to diverge from our holding that a single prior conviction may be used to increase both the offense

4

level and the criminal history score for an illegal-reentry offense. *See United States v. Crawford*, 18 F.3d 1173, 1178–80 (4th Cir. 1994); *see also United States v. Cordova-Lopez*, 34 F.4th 442, 444 (5th Cir. 2022) (concluding that "Application Note 3 merely describes what the Guidelines' text and structure would unambiguously require even in its absence").

Next, Queriapa argues for the first time on appeal that the district court erred by applying an eight-level enhancement under § 2L1.2(b)(2)(B). The illegal-reentry Guideline instructs courts to enhance the defendant's offense level if "the defendant engaged in criminal conduct" prior to being "ordered deported or ordered removed from the United States for the first time," USSG § 2L1.2(b)(2), and if "the defendant engaged in criminal conduct" after being "ordered deported or ordered removed from the United States for the first time," USSG § 2L1.2(b)(3). Here, the probation officer concluded that Queriapa was first deported in May 2017 and that he engaged in criminal conduct prior to deportation (the 2014 conviction) and engaged in criminal conduct after deportation (the 2019 conviction). Accordingly, the probation officer enhanced Queriapa's offense level by eight for the 2014 conviction, "a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more," USSG § 2L1.2(b)(2)(B), and enhanced his offense level by four for the 2019 conviction, "a conviction for any other felony offense (other than an illegal reentry offense)," USSG § 2L1.2(b)(3)(D).

Queriapa contends that the district court plainly erred by applying the § 2L1.2(b)(2)(B) enhancement based on the 2014 conviction because he was not ordered

5

deported or removed for the first time in 2017 but in 2013, when he did not voluntarily depart as directed by the immigration judge and the alternate order of removal automatically took effect. The Government argues that there was no plain error because it was not clear or obvious from the record before the district court at sentencing when the alternate order of removal took effect. Queriapa replies that the factual basis for the plea and the presentence report (PSR) refute the Government's argument that there was ambiguity in the record as to when he was first ordered deported or removed. He also moves to supplement the record with a portion of his A-File, which, he argues, would establish that he was first ordered deported or removed long before the 2014 conviction. The Government opposes that motion.[2]

We deny Queriapa's motion to supplement the record. The A-File does not satisfy the requirements of Fed. R. App. P. 10(e)(2), and, in any event, the A-File simply affirms information that is already in the record.

While it would be reasonable to infer that the alternate order of removal took effect long before the 2014 conviction, Queriapa has to prove that any error was clear or obvious. *See United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) ("The term plain error is synonymous with clear or obvious error." (internal quotation marks omitted)). And we conclude that it was not clear or obvious from the information in the PSR when the alternate order of removal took effect. Moreover, "the defendant has an affirmative duty to make a

---

[2] We granted Queriapa's motion to file a supplemental appendix containing the A-File documents, but we deferred ruling on his motion to supplement the record.

showing that the information in the [PSR] is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Fowler*, ___ F.4th ___, ___, No. 19-4178, 2023 WL 310446, at *5 (4th Cir. Jan. 18, 2023) (internal quotation marks omitted). And, absent "such a showing, the government meets its burden of proving those facts by a preponderance of the evidence, and the district court is free to adopt the findings of the [PSR] without more specific inquiry or explanation." *Id.* (internal quotation marks omitted). Accordingly, Queriapa had an affirmative duty to establish that the probation officer's finding that he was first ordered deported or removed in May 2017 was incorrect. Because he did not do so, the district court was free to adopt the probation officer's finding and did not plainly err by applying the eight-level enhancement under § 2L1.2(b)(2)(B).

Queriapa's final challenge is to the adequacy of the district court's explanation. "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). When explaining the sentence, the "district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (cleaned up). "The explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward

7

departure." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). However, when the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020).

While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor may we "assume that the court has silently adopted arguments presented by a party." *Nance*, 957 F.3d at 214 (internal quotation marks omitted). However, "in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174–75 (4th Cir. 2020) (internal quotation marks omitted). Ultimately, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).

Our review of the sentencing transcript revealed that the district court considered some of Queriapa's arguments in mitigation. But it is not "patently obvious" that the district court considered Queriapa's arguments that: (1) he reentered the United States because he was his parents' caretaker; (2) his father's death served as a deterrent to engaging in additional criminal conduct; and (3) his Guidelines range did not reflect his true culpability because his prior convictions enhanced his offense level and criminal

8

history score. *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (internal quotation marks omitted).

We further conclude that the Government has not established that those omissions were harmless. The district court's primary motivations for imposing a within-Guidelines sentence were to promote respect for the law, specific deterrence, and general deterrence, and at least the latter two of the omitted arguments related to those goals. Moreover, the fact that the district court rejected Queriapa's legal objection to the Guidelines does not mean that the court could omit discussion of his equitable objection as part of his argument for a downward-variant sentence. *See Torres-Reyes*, 952 F.3d at 152 (concluding that district court reversibly erred by "address[ing] only the *legal* objection to the criminal history calculation" and omitting discussion of "the defendant's *equitable* argument for a variance"—that his criminal history score "over-represents his actual criminal history and leads to a sentencing range that is too high in comparison to others").

Because the district court's failure to address some of Queriapa's key mitigating arguments was not harmless, we vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*