**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4655

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GASPER RAMIREZ, a/k/a Casper,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:19-cr-00060-DCN-1)

Submitted: February 16, 2023                    Decided: June 9, 2023

Before GREGORY, Chief Judge, and DIAZ and THACKER, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

**ON BRIEF:** William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant. Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gasper Ramirez pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to conspiracy to possess with the intent to distribute and distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; possession with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)-(B); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  After reviewing the presentence report, Ramirez objected to the two-level firearm enhancement and the four-level leadership enhancement.  *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(1), 3B1.1(a) (2018).  The district court overruled Ramirez's objections and sentenced him to the stipulated sentence of 180 months' imprisonment.

Ramirez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court clearly erred in applying the firearm and leadership enhancements.[*] Ramirez was advised of his right to file a pro se supplemental brief, but he has not done

---

[*] Counsel also questions whether Ramirez's appellate waiver is valid.  We need not consider this issue because the Government has not sought to enforce the waiver, and we decline to enforce such waivers sua sponte.  *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012).

2

so.  The Government has declined to file a brief.  We affirm but remand for correction of a clerical error.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021).  In so doing, "we must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range."  *Id.* (internal quotation marks omitted).

Before assessing whether the district court properly applied the challenged enhancements, we conclude that the court correctly determined that the need to avoid unwarranted sentencing disparities is not relevant to whether the facts supported the enhancements in Ramirez's case.  In any event, "a sentence is not unreasonable under [18 U.S.C.] § 3553(a)(6) merely because it creates a disparity with a co-defendant's sentence."  *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 164 (2022).  Rather, "the kind of disparity with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case," *United States v. Pyles*, 482 F.3d 282, 290 (4th Cir. 2007) (internal quotation marks omitted), *vacated on other grounds*, 552 U.S. 1089 (2008).

"In assessing [a defendant's] challenge to the district court's Guidelines application, we review factual findings for clear error and legal conclusions *de novo*."  *United States v. Boyd*, 55 F.4th 272, 276 (4th Cir. 2022) (internal quotation marks omitted).  "Clear error exists when after reviewing all the evidence, we are left with the definite and firm

conviction that a mistake has been committed." *United States v. Legins*, 34 F.4th 304, 325 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 266 (2022).

Turning to the firearm enhancement, the Guidelines instruct that a defendant's base offense level should be increased by two "[i]f a dangerous weapon (including a firearm) was possessed" in connection with the drug offense. USSG § 2D1.1(b)(1). The commentary explains that the firearm enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). And "we have held that the enhancement is proper when the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017) (cleaned up).

"The government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity." *Id.* The government "need not prove precisely concurrent acts, such as a gun in hand while in the act of storing drugs or drugs in hand while in the act of retrieving a gun." *Id.* (cleaned up). Instead, "the government need prove only that the weapon was present, which it may do by establishing a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant." *Id.* (internal quotation marks omitted). If the government meets this burden, "the sentencing court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless

4

the defendant rebuts the presumption by showing that such a connection was clearly improbable." *Id.* (internal quotation marks omitted).

We conclude that the government established the necessary temporal and spatial proximity linking the firearm to Ramirez and the drug-trafficking conspiracy and that Ramirez did not demonstrate that it was clearly improbable that the firearm was possessed in connection with the conspiracy. Accordingly, the district court did not clearly err in applying the firearm enhancement.

As for the leadership enhancement, the Guidelines instruct that a defendant's offense level should be increased by four if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1 cmt. n.2. The district court considers several factors in determining whether a role enhancement should be applied, including:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1 cmt. n.4; *see United States v. Thorson*, 633 F.3d 312, 318-20 (4th Cir. 2011) (discussing and affirming leadership enhancement).

There is no dispute that the conspiracy involved five or more participants. And we conclude that there was ample evidence that Ramirez served as a leader or organizer of the

5

conspiracy. Accordingly, the district court did not clearly err in applying the leadership enhancement.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. Our review, however, revealed that the district court's recommendations to the Bureau of Prisons announced at sentencing do not match the recommendations in the written judgment. Specifically, the court omitted from the written judgment its recommendation that Ramirez be allowed to participate in programming "as soon as possible" and its recommendation that Ramirez "be given favorable consideration at the end of his sentence for the maximum time release, assuming he qualifies at that time." Transcript of Sentencing at 30, *United States v. Ramirez*, No. 2:19-cr-00060-DCN-1 (D.S.C. Jan. 13, 2022), ECF No. 1270. Accordingly, we remand so that the district court may include in its written judgment all of the recommendations it pronounced at sentencing. *See* Fed. R. Crim. P. 36; *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) ("[I]f a conflict arises between the orally pronounced sentence and the written judgment, then the oral sentence controls.").

This court requires that counsel inform Ramirez, in writing, of the right to petition the Supreme Court of the United States for further review. If Ramirez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramirez. We dispense with oral argument because

6

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*