**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 22-4721**

————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC O'NEAL,

        Defendant - Appellant.

————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:22-cr-00045-BO-RJ-1)

————————

Submitted:  August 18, 2023                Decided:  October 11, 2023

————————

Before WILKINSON, WYNN, and BENJAMIN, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

**ON BRIEF:** Sean P. Vitrano, VITRANO LAW AND MEDIATION, Wake Forest, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric O'Neal appeals the 293-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl and 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and possession with intent to distribute 50 grams or more of methamphetamine and 40 grams or more of fentanyl and aiding and abetting, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(A). On appeal, O'Neal argues that the district court clearly erred at sentencing by holding him accountable for 30 kilograms of fentanyl based on a confidential informant's testimony that was contained in the presentence report (PSR).

We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). In reviewing for procedural reasonableness, we ensure that the district court "committed no significant procedural error, such as improperly calculating the Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "In assessing [a defendant's] challenge to the district court's Guidelines application, we review factual findings for clear error and legal conclusions de novo." *United States v. Boyd*, 55 F.4th 272, 276 (4th Cir. 2022) (internal quotation marks omitted). "In so doing, we afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (internal quotation marks omitted).

"For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). "Under the Guidelines, where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." *Williamson*, 953 F.3d at 273 (cleaned up). A district court has "considerable leeway in crafting this estimate . . . [and] may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *Id.* (internal quotation marks omitted). Nonetheless, "[d]istrict courts must still exercise caution in estimating drug quantity at sentencing, and not attribute speculative or scantily supported amounts to defendants." *Id.*

We discern no clear error in the district court's factual findings. The district court reviewed the PSR, heard O'Neal's objections to the facts contained in the PSR, and listened to the Drug Enforcement Administration agent's testimony at sentencing in support of the applicable drug weight before ultimately finding that the Government's sources were credible and provided a reliable estimate of the applicable drug weight. The potential discrepancies O'Neal raised regarding the confidential informant's testimony do not show that the district court clearly erred in finding the informant's testimony was sufficiently reliable for the purpose of estimating the drug weight for sentencing, nor that the court erred in finding the Government had established the applicable drug weight by a preponderance of the evidence.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*