**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4543**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANK CRAIG PURPERA, JR.,

Defendant - Appellant.

**No. 20-4544**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANK CRAIG PURPERA, JR.,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:18-cr-00019-EKD-1; 7:19-cr-00016-EKD-1)

Submitted:  May 13, 2024                                    Decided:  May 30, 2024

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Vacated in part, affirmed in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** Beau B. Brindley, Blair T. Westover, LAW OFFICES OF BEAU B. BRINDLEY, Chicago, Illinois, for Appellant. Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

A jury convicted Frank Craig Purpera, Jr., of 56 counts of distributing controlled substances outside the scope of professional practice and without a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(2); two counts of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(2)(A), (b)(3); conspiracy to commit health care fraud and falsify information, in violation of 18 U.S.C. §§ 1035, 1347, 1349; and health care fraud and falsifying information, in violation of 18 U.S.C. §§ 2, 1349.  Purpera appeals, asserting that the district court erred when instructing the jury on the § 841 charges; that the court allowed the Government to introduce prejudicial character evidence; and that the Government made improper comments during its closing argument.  He also challenges the sufficiency of the evidence supporting his health care fraud conviction.  For the reasons that follow, we vacate in part, affirm in part, and remand.

First, the Government concedes that the jury instructions on the § 841 charges were erroneous in light of *Ruan v. United States*, 597 U.S. 450, 457 (2022) and *United States v. Smithers*, 92 F.4th 237, 248–52 (4th Cir. 2024).[*]  In *Ruan*, the Supreme Court added a scienter element for illegal drug distributions under § 841 by medical professionals.  *Ruan*, 597 U.S. at 457.  And in *Smithers*, we concluded that jury instructions containing a *Ruan* error were not harmless when the record contains evidence that could rationally lead to a contrary finding with respect to the omitted scienter element.  *Smithers*, 92 F.4th at 251.

---

[*] The district court did not have the benefit of *Ruan* or *Smithers* when it instructed the jury in this case.

3

Here, the record contains Appellants' testimony that he believed there was a legitimate medical purpose for his prescriptions. A jury could have relied upon Appellants' testimony to reach a contrary finding on the scienter element. Accordingly, we vacate Purpera's 56 convictions for unlawful distribution of controlled substances.

Turning to Purpera's next two claims, a review of Purpera's opening brief makes clear that both his evidentiary challenge and his claim of prosecutorial misconduct relate only to the now-vacated § 841 convictions. Because Purpera does not argue that these alleged errors impacted his other four convictions, we decline to consider them. *See United States v. McBride*, 676 F.3d 385, 400 (4th Cir. 2012) (assessing impact of evidentiary error on charge by charge basis); *see also United States v. Boyd*, 55 F.4th 272, 279 (4th Cir. 2022) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.") (internal quotation marks omitted).

Next, Purpera contends that the evidence presented at trial was insufficient to convict him of health care fraud. Though Purpera moved under Fed. R. Crim. P. 29 for a judgment of acquittal after the Government rested, he neglected to renew his motion following the jury's verdict. As a result, Purpera has waived his sufficiency challenge. *United States v. Fall*, 955 F.3d 363, 374 (4th Cir. 2020).

Finally, Purpera seeks to bring a prejudicial spillover claim, asserting that the evidence introduced to support the § 841 convictions unfairly impacted the verdict on his remaining counts of conviction. *See United States v. Hart*, 91 F.4th 732, 741 (4th Cir. 2024). Purpera could have broached this issue in his opening brief, yet he declined to raise it until his second supplemental reply brief. Consequently, we deem this argument waived.

4

*United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021) (explaining that, with limited exceptions, arguments raised for first time in a reply brief are waived); *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) ("[A]ppellate courts generally will not address new arguments raised in a reply brief because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised.")

Accordingly, we vacate Purpera's 56 convictions for unlawful distribution of controlled substances and affirm the remaining convictions. In addition, pursuant to the sentencing package doctrine, *see United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017), we vacate Purpera's sentence and remand to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*