**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4372**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

SIXTO MARQUEZ,

> Defendant - Appellant.

**No. 22-4597**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

FRANCISCO CHANES,

> Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00074-TSK-MJA-8; 1:20-cr-00074-TSK-MJA-9)

Submitted:  June 25, 2024                          Decided:  July 31, 2024

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Noell P. Tin, TIN FULTON WALKER & OWEN, Charlotte, North Carolina, for Appellant Sixto Marquez. Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant Francisco Chanes. William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sixto Marquez and Francisco Chanes pleaded guilty to conspiracy to possess with intent to distribute and distribute methamphetamine, cocaine, cocaine base, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and use of a communication facility to facilitate drug distribution, in violation of 21 U.S.C. § 843(b), (d)(1).  The district court sentenced both Marquez and Chanes to a total of 188 months of imprisonment, and they both appealed.  On appeal, Marquez and Chanes argue that the district court clearly erred in calculating the drug weight attributable to them under the Sentencing Guidelines.  We affirm.

We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021).  In reviewing for procedural reasonableness, we ensure that the district court "committed no significant procedural error, such as improperly calculating the Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).  "In assessing [a] challenge to the district court's Guidelines application, we review factual findings for clear error and legal conclusions de novo."  *United States v. Boyd*, 55 F.4th 272, 276 (4th Cir. 2022) (internal quotation marks omitted).  "In so doing, we afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (internal quotation marks omitted).

"For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence."  *United States v. Bell*, 667

3

F.3d 431, 441 (4th Cir. 2011).  "Under the Guidelines, where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." *Williamson*, 953 F.3d at 273 (cleaned up).  A district court has "considerable leeway in crafting this estimate . . . [and] may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *Id.* (internal quotation marks omitted).  Nonetheless, "[d]istrict courts must still exercise caution in estimating drug quantity at sentencing, and not attribute speculative or scantily supported amounts to defendants." *Id.*

We discern no clear error in the district court's factual findings.  The district court considered the information in the presentence reports, the testimony presented by the Government at both Marquez's and Chanes' sentencing hearings, and the recorded phone calls, text messages, and package shipping receipts before ultimately finding that the Government's evidence was credible and provided a reliable estimate of the relevant drug weight.  The court thus reasonably estimated the drug weights based on the Government's evidence.  Marquez and Chanes fail to show that the district court clearly erred in calculating the drug weight for sentencing based on a preponderance of the evidence.

We therefore affirm the criminal judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*