**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4061**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

VINCENT LAMONT HARRIS,

Defendant – Appellant.

---

**No. 25-4103**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

VINCENT LAMONT HARRIS,

Defendant – Appellant.

---

**No. 25-4191**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

VINCENT LAMONT HARRIS,

Defendant – Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00041-D-1; 5:22-cr-00028-D-1)

_____

Submitted:  January 2, 2026                         Decided:  January 9, 2026

_____

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Vincent Lamont Harris appeals his 19-month sentence imposed following the revocation of his supervised release relating to his 2017 conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018) (No. 25-4061); his conviction and 71-month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of §§ 922(g)(1), 924(a)(2) (No. 25-4103);[1] and the amended judgment for the new firearm offense (No. 25-4191). On appeal, Harris challenges the district court's denial of his motion to suppress, arguing that the court made clearly erroneous factual findings and that the officer lacked reasonable suspicion to seize him under the Fourth Amendment. Harris further argues that the district court failed to adequately explain his revocation sentence.[2] We affirm.

When reviewing a district court's denial of a motion to suppress, we review factual findings for clear error and legal determinations de novo. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). "We consider the evidence in the light most favorable to the Government" and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (citation modified). In "reviewing factual findings for clear error, we particularly defer to a district court's credibility

---

[1] The district court ordered the sentences to run consecutively.

[2] Although Harris filed a notice of appeal from the amended criminal judgment, he does not challenge on appeal the forfeiture order the district court added in that judgment and, therefore, has abandoned any challenge to the order of forfeiture. *See United States v. Boyd*, 55 F.4th 272, 279 (4th Cir. 2022) (recognizing that claims not raised in opening brief are abandoned).

3

determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *Id.* (citation modified). A court may not reverse the district court's factual finding "simply because it would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation modified).

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Accordingly, warrantless searches and seizures "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (citation modified). The Supreme Court has recognized that the police may constitutionally "conduct a brief, investigatory stop when [an] officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). When reviewing the constitutionality of an investigatory stop, we consider whether "the totality of the circumstances" gave the officer a "particularized and objective basis for suspecting legal wrongdoing." *United States v. Mayo*, 361 F.3d 802, 805 (4th Cir. 2004) (citation modified). Whether an officer has reasonable suspicion to conduct such a stop is an objective inquiry. *United States v. Frazer*, 98 F.4th 102, 113 (4th Cir. 2024). "Rather than focusing on the officer's subjective frame of mind, [courts] ask whether the facts known to the officer support an objective finding of reasonable suspicion." *United States v. Perry*, 92 F.4th 500, 510 (4th Cir.) (citation modified), *cert. denied*, 144 S. Ct. 2643 (2024); *see Frazer*, 98 F.4th at 113.

4

Applying these principles to the facts of Harris's case, and after a thorough review of the record on appeal, we discern no error in the district court's factual findings that Harris could not produce a keycard to the hotel where a trespasser had been reported, that Harris walked away from a responding police officer, and that Harris gave an ambiguous answer about staying with his cousin. The district court properly determined that specific, articulable suspicion existed based on a 911 call from the hotel, the fact that Harris was the only person present at the hotel gym about five minutes later, and Harris's refusal to comply with officer instructions. Viewing the evidence in the light most favorable to the Government and considering the totality of the testimony presented at the suppression hearing, we conclude that the court properly denied Harris's motion to suppress.

Turning to Harris's challenge to the sentence imposed upon revocation of supervised release, "[a] district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (citation modified). Where, as here, the sentence does not exceed the statutory maximum, "we first examine whether the sentence was unreasonable at all, procedurally or substantively." *United States v. Amin*, 85 F.4th 727, 739 (4th Cir. 2023) (citation modified). "Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id.* (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

5

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation modified). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Id.* (citation modified).

Here, the district court explained that the 19-month revocation sentence was based on the policy statement range, the parties' arguments during the sentencing and revocation portions of the hearing, and Harris's egregious breach of the court's trust. The court particularly emphasized the fact that Harris had committed new felonious conduct only four months after being released from prison for a prior felon-in-possession conviction. Because the court sentenced Harris below the statutory maximum and offered a clear explanation for imposing the 19-month revocation sentence, the sentence is reasonable, and, therefore, we need not consider whether the sentence is plainly unreasonable.

Accordingly, we affirm the revocation judgment, the criminal judgment, and the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*